Submitted on remand February 9, affirmed May 3, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

H. D. E.,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR07787; A171975

529 P3d 313

Defendant appealed a judgment of conviction for initiating a false report, raising two assignments of error. In a prior opinion, the Court of Appeals reversed the conviction based on defendant's first assignment of error. The Supreme Court reversed and remanded for consideration of the second assignment of error, related to the admission of prior bad acts evidence. *Held*: The trial court's speaking verdict, considered in context, demonstrates that any error in admitting that evidence was harmless.

Affirmed.

On remand from the Oregon Supreme Court, *State v. H. D. E.*, 370 Or 579, 522 P3d 829 (2022).

Jon S. Lieuallen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

This case is before us on remand from the Supreme Court. Defendant was convicted, following a bench trial, of initiating a false report, ORS 162.375, for falsely reporting to police that a doctor had assaulted two of her children in his waiting room. In the underlying appeal, defendant raised two assignments of error. The first assignment contended that the trial court erred in denying her motion for judgment of acquittal (MJOA), and the second assignment challenged the admission of evidence relating to defendant's prior convictions for perjury and initiating a false report. We agreed with defendant's first assignment of error and reversed. *State v. H. D. E.*, 313 Or App 356, 358, 493 P3d 1123 (2021) (*H. D. E. I*), *rev'd and rem'd*, 370 Or 579, 522 P3d 829 (2022) (*H. D. E. II*).

The Supreme Court disagreed with our interpretation of ORS 162.375, reversed our decision, and remanded the matter for further proceedings. *H. D. E. II*, 370 Or at 601. We understand that our limited task on remand is to consider defendant's second assignment of error, which we did not reach in *H. D. E. I*, 313 Or App at 358 n 1. Defendant assigns error to the admission of prior bad acts evidence about her prior convictions for perjury and initiating a false report, which the trial court ruled was relevant to prove financial motive and knowledge of the reporting process. The state contends that any error in admitting that evidence was harmless. Having reviewed the record, we agree with the state that the trial court's speaking verdict, considered in context, demonstrates that any error in admitting defendant's prior acts was harmless. *State v. Reed*, 299 Or App 675, 688, 452 P3d 995 (2019), *rev den*, 366 Or 382 (2020) ("If error is harmless, this court is required to affirm a defendant's conviction even when a trial court commits error; and error is harmless if there is little likelihood that the error affected the verdict or substantially affected the defendant's rights." (Citation omitted.)).

In assessing the impact of potential evidentiary error in a bench trial, "the court's speaking verdict and other comments must be considered in context, taking into account the circumstances in which the court made its observations

and the extent to which the court's explanation of its verdict sheds light on how it viewed the evidence." *Id*. at 689. In this case, the trial court did not mention the challenged evidence in its speaking verdict, nor did it base its findings on defendant's credibility, who did not testify. Although it is true that "a trial court's failure to mention contested evidence when explaining its disposition does not necessarily establish that any error in admitting that evidence was harmless," it is clear from the trial court's comments that it based its verdict almost exclusively on evidence of what happened in the waiting room that day. *State v. Klontz*, 257 Or App 684, 702, 308 P3d 214 (2013) (admission of prior bad acts evidence was harmless where the court's speaking verdict did not mention the contested evidence and instead focused on the victim's credibility).

Defendant reported to police that the doctor had yelled at her children, got in their face, pushed one of them into a refrigerator, causing him to hit his head, and pushed another into a chair, causing a bruise. The trial court explained that it found defendant guilty based on the assault allegations, because it did not "see that there's any substantiation of those *** and all the actual evidence is to the contrary." The court clarified that if defendant had only reported "that he was harassing [her] children, yelling and screaming at [them], disorderly conduct-type stuff, I wouldn't find [she] had violated the law." The court then mentioned the surveillance video that captured most of the incident, except for "a little brief moment off the corner," and which showed that the doctor was "upset," but not that he ever made contact with the children. The trial court finally stated, "whether it's through the doctors, nurses, and/or [defendant's] own statements, they don't match up," referring to the medical records and testimony of an ER nurse who examined one of the children afterward and did not see any sign of injury.

The foregoing demonstrates that the trial court viewed its role as comparing the specific allegations in defendant's report to other evidence about what happened in that waiting room. It "expressly identified the evidence that it found determinative"—the video and the medical records—and "nothing in the record causes us to doubt

its explanation." *State v. Sanchez-Chavez*, 312 Or App 701, 709, 495 P3d 197, *rev den*, 369 Or 110 (2021) (admission of the defendant's statements was harmless because the trial court based its verdict on the physical evidence and the testimony of the victim and the victim's mother); *see also State v. Rashad*, 310 Or App 112, 114, 483 P3d 1223 (2021) (evidentiary error was harmless where the court's speaking verdict demonstrated that "its credibility determination turned on the testimony of a third-party witness, which corroborated the victim's version of events and flatly contradicted defendant's"). In that context, the trial court's failure to mention defendant's prior bad acts indicates that they were not significant to its findings. *Sanchez-Chavez*, 312 Or App at 708-09 (highlighting the importance of context in determining that where the trial court "expressly identified the evidence on which it relied" and did not mention the challenged evidence, "we understand that omission to mean that the court did *not* consider [the challenged evidence] significant to its findings" (emphasis in original)). As a result, there is little likelihood that the prior acts evidence affected the verdict.

Affirmed.